IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 13-mj-02529 |
| **v.** | * | |
| | * | |
| | * | |
| **NIKIA EVANS,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's *pro se* motion to expunge her criminal conviction for unlawfully opening mail not directed to her, in violation of 18 U.S.C. § 1703. No hearing is necessary. L.R. 105.6. On January 8, 2014, after pleading guilty to violating § 1703, Defendant was placed on probation for six months, performed twenty-five hours of community service, and paid an assessment and restitution totaling $75.00. She now seeks expungement of her criminal conviction because she has "begun EMT courses and would like to have a clear background to be able to be certified."

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with any equitable circumstances that she may claim justify expungement. *See Doe v. United States*, 833 F.3d 192, 198-99 (2d Cir. 2016); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See Doe*, 833 F.3d at 198; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court thus lacks ancillary jurisdiction, Defendant's *pro se* motion to expunge her criminal conviction is **DISMISSED** for lack of jurisdiction.

Date: February 3, 2017                                    /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge